Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAMONA PATRICIA CARDON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

RAMONA PATRICIA CARDON,

Plaintiff,

v.

PHILLIPS & COHEN ASSOCIATES, LTD.,
a New Jersey corporation,

Defendant.

Case No. C08 00926 JW PVT

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6.  This lawsuit should be assigned to the San Jose Division of this Court because

1  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara
2  County.

### V. PARTIES

4        7.      Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), is a
5  natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the
6  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).
7        8.      Defendant, PHILLIPS & COHEN ASSOCIATES, LTD. (hereinafter
8  "PHILLIPS & COHEN"), is a New Jersey corporation engaged in the business of collecting debts
9  in this state with its principal place of business located at: 695 Rancocas Road, Westampton, New
10 Jersey 08060-5626. PHILLIPS & COHEN may be served as follows: Phillips & Cohen Associates,
11 Ltd., c/o Adam S. Cohen, Agent for Service, 695 Rancocas Road, Westampton, Burlington County,
12 New Jersey 08060-5626. The principal purpose of PHILLIPS & COHEN is the collection of debts
13 using the mails and telephone, and PHILLIPS & COHEN regularly attempts to collect debts alleged
14 to be due another. PHILLIPS & COHEN is a "debt collector" within the meaning of 15 U.S.C. §
15 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

17       9.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
18 a financial obligation that was primarily for personal, family or household purposes, namely a
19 consumer credit account issued by Capital One Bank and bearing the account number XXXX-
20 XXXX-XXXX-5294 (hereinafter "the alleged debt"). The financial obligation alleged to be owed
21 to Capital One Bank by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a
22 "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).
23       10.     Sometime thereafter on a date unknown to Plaintiff, the alleged debt was
24 consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.
25       11.     Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which
26 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).
27       12.     A true and accurate copy of the collection letter from Defendant to Plaintiff
28 is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13.  The collection letter (Exhibit "1") is dated March 6, 2007.

14.  The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

15.  Thereafter, on or about March 13, 2007, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> Uh, hello. This is a message for Ramona Cardon. Uh, Ramona, my name is Justin Williams. I have just been forwarded pending paperwork for actions being filed that requires your immediate attention. Now Ramona, it's imperative that you, or your attorney if you have one retained, make sure to take this matter seriously and take five minutes out of your day to call in and become knowledgeable and prepared. 800-838-5873 and your file number in this office is 5695800. My direct extension is 2389 and I look forward to speaking with you. Thank you.

16.  Defendant's answering machine message was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.  Defendant failed to disclose Defendant's identity and the nature of Defendant's business in the answering machine message, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

18.  Defendant failed to disclose that the answering machine message was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

19.  Defendants' answering machine message falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

20.  Defendants' answering machine message was designed and intended to instill a false sense of urgency in the listener.

21.  Defendants' answering machine message represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

## VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**

22.  Plaintiff brings the first claim for relief against Defendant under the Federal

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

23. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21 above.

24. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25. Defendant, PHILLIPS & COHEN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation allegedly owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendant's answering machine message described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6);

    b. Defendant misrepresented the character or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Defendant falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendant did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

    d. Defendant's communication was designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    e. Defendant falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10); and

    f. Defendant failed to disclose that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. Defendant's acts as described above were done intentionally with the purpose

of coercing Plaintiff to pay the alleged debt.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29 above.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, PHILLIPS & COHEN, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. The financial obligation allegedly owed to Capital One Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35. Defendant's answering machine message described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    b. Defendant falsely represented the character or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

    c. Defendant falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

      d.    Defendant's communication was designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

      e.    Defendant falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j); and

      f.    Defendant failed to disclose that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

36. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

37. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

38. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

39. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

40. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine message violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692e(11);

c. Declare that Defendant's answering machine message violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.13(j) and 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    RAMONA PATRICIA CARDON

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RAMONA PATRICIA CARDON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.