Steve W. Dollar [SBN 104365]
Liam J. O'Connor, Esq. [SBN 246638]
ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
152 No. Third Street, Suite 700
San Jose, CA 95112
Telephone: (408) 286-0880
Facsimile: (408) 286-0337

Attorneys for Defendant
PHILLIPS & COHEN ASSOCIATES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RAMONA PATRICIA CARDON,<br>Plaintiff,<br>vs.<br>PHILLIPS & COHEN ASSOCIATES, LTD., A New Jersey Corporation,<br>Defendant. | Case Number C08-00926-JW<br>ANSWER TO COMPLAINT |

COMES NOW defendant, PHILLIPS & COHEN ASSOCIATES, LTD., and answers the Complaint filed by plaintiff, RAMONA PATRICIA CARDON as follows:

**I. INTRODUCTION**

1. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations that defendant violated the referenced statutes but admits the remaining allegations of paragraph 1.

2. PHILLIPS & COHEN ASSOCIATES, LTD. admits that the complaint accurately recites the quoted portion of the referenced statute in paragraph 2.

**II. JURISDICTION**

3. PHILLIPS & COHEN ASSOCIATES, LTD. admits the Court has jurisdiction but denies the balance of the allegations in paragraph 3.

4. PHILLIPS & COHEN ASSOCIATES, LTD. admits the Court has jurisdiction but

denies the balance of the allegations in paragraph 4.

**III. VENUE**

5. PHILLIPS & COHEN ASSOCIATES, LTD. admits that venue is proper but denies the balance of the allegations in paragraph 5.

**IV. INTRADISTRICT ASSIGNMENT**

6. PHILLIPS & COHEN ASSOCIATES, LTD. admits that the requested assignment is proper but denies the balance of the allegations in paragraph 6.

**V. PARTIES**

7. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 7 for lack of sufficient information to justify a belief therein.

8. PHILLIPS & COHEN ASSOCIATES, LTD. admits that it is a New Jersey Corporation located at the referenced address and that it regularly attempts to collected debts alleged to be due another using mail and telephone but denies the remaining allegations in 8 for lack of sufficient information to justify a belief therein.

**VI. FACTUAL ALLEGATIONS**

9. PHILLIPS & COHEN ASSOCIATES, LTD. admits that plaintiff incurred the referenced financial obligation but denies the remaining allegations of paragraph 9 due to lack of sufficient information to justify a belief therein.

10. PHILLIPS & COHEN ASSOCIATES, LTD. admits the allegations of paragraph 10.

11. PHILLIPS & COHEN ASSOCIATES, LTD. admits that a collection letter was sent to plaintiff but denies the remaining allegations in paragraph 11 for lack of sufficient information to justify a belief therein.

12. PHILLIPS & COHEN ASSOCIATES, LTD. admits that a collection letter was sent to plaintiff but denies the remaining allegations in paragraph 12 for lack of sufficient information to justify a belief therein.

13. PHILLIPS & COHEN ASSOCIATES, LTD. admits the allegations of paragraph 13.

14. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 14 for lack of sufficient information to justify a belief therein.

15. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 15 for lack of sufficient information to justify a belief therein.

16. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 16 for lack of sufficient information to justify a belief therein.

17. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 17 for lack of sufficient information to justify a belief therein.

18. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 18

19. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 19.

20. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 20.

21. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 21.

## VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

22. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 22 for lack of sufficient information to justify a belief therein.

23. PHILLIPS & COHEN ASSOCIATES, LTD. incorporates herein as if fully set forth its responses to paragraphs 1 through 21 above.

24. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 24 for lack of sufficient information to justify a belief therein.

25. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 25 for lack of sufficient information to justify a belief therein.

26. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 26 for lack of sufficient information to justify a belief therein.

27. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 27 (a) through (f).

28. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 28.

29. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 29.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 30

for lack of sufficient information to justify a belief therein.

31. PHILLIPS & COHEN ASSOCIATES, LTD. incorporates herein as if fully set forth its responses to paragraphs 1 through 29 above.

32. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 32 for lack of sufficient information to justify a belief therein.

33. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 33 for lack of sufficient information to justify a belief therein.

34. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 34 for lack of sufficient information to justify a belief therein.

35. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 35 (a) through (f).

36. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 36.

37. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 37.

38. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 38.

39. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 39.

40. PHILLIPS & COHEN ASSOCIATES, LTD. denies the allegations in paragraph 40 for lack of sufficient information to justify a belief therein.

**PRAYER**

41. In response to the REQUEST FOR RELIEF, PHILLIPS & COHEN ASSOCIATES, LTD. denies that plaintiff is entitled to the relief sought.

**AFFIRMATIVE DEFENSES**

In further response to plaintiff's complaint, PHILLIPS & COHEN ASSOCIATES, LTD. asserts the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because the asserted causes of action fail to state claims upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

At all times relating to this lawsuit, PHILLIPS & COHEN ASSOCIATES, LTD. and its

employees acted in good faith. If there was any wrongful act by PHILLIPS & COHEN ASSOCIATES, LTD. or its employees, which is denied by defendant, such act was not intentional and was the result of a bona fide error.

THIRD AFFIRMATIVE DEFENSE

PHILLIPS & COHEN ASSOCIATES, LTD. has not violated any law and is entitled to attorney's fees under the FDCPA.

FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred wholly or partially by the applicable statutes of limitation.

SIXTH AFFIRMATIVE DEFENSE

PHILLIPS & COHEN ASSOCIATES, LTD. affirmatively avers that plaintiff cannot satisfy the necessary burden of proof to recover punitive or liquidated damages under any federal or state law.

SEVENTH AFFIRMATIVE DEFENSE

PHILLIPS & COHEN ASSOCIATES, LTD. affirmatively avers that any violation by defendant, which defendant denies, was not intentional and resulted notwithstanding the maintenance of procedures reasonably adopted to avoid any such violation.

WHEREFORE, considering the premises, PHILLIPS & COHEN ASSOCIATES, LTD. respectfully requests that the Court enter judgment in its favor and award PHILLIPS & COHEN ASSOCIATES, LTD. the costs and attorney's fees it has incurred in defending this lawsuit.

Dated: March 3, 2008

ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.

______s/Steve W. Dollar_________
STEVE W. DOLLAR
Attorneys for Defendant