Steve W. Dollar [SBN 104365]
Liam J. O'Connor, Esq. [SBN 246638]
ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
152 No. Third Street, Suite 700
San Jose, CA  95112
Telephone: (408) 286-0880
Facsimile: (408) 286-0337

Attorneys for Defendant
PHILLIPS & COHEN ASSOCIATES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RAMONA PATRICIA CARDON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD., A New Jersey Corporation,<br><br>　　　　Defendant. | Case Number C08-00926-JW<br><br>JOINT CASE MANAGEMENT STATEMENT |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Case Schedule and request the Court to adopt it as its Case Management order in this case.

**DESCRIPTION OF THE CASE**

**1.   Brief Description of the Events Underlying the Action:**

Plaintiff, an individual consumer, brings this action against defendant, a corporation engaged in the business of collecting debts. On a date or dates unknown to plaintiff, plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family, or household purposes, namely a consumer credit account issued by Capital One Bank (hereinafter, "alleged debt"). At some time thereafter, the alleged debt was consigned, placed, or otherwise transferred to defendant for collection from plaintiff.

1  Plaintiff alleges that on or about March 13, 2007, an employee of defendant recorded a
2  message on plaintiff's answering machine in an attempt to collect the alleged debt. Plaintiff
3  alleges that defendant's answering machine message was a "communication" in an attempt to
4  collect a debt under 15 U.S.C. § 1692, *et seq.,* that defendant failed to disclose defendant's
5  identity, the nature of defendant's business, that the answering machine message was a
6  communication from a debt collector, and that the answering machine message falsely
7  represented or implied that a lawsuit had been, was about to be, or would be instituted against
8  plaintiff.
9  Plaintiff alleges that by recording said answering machine message, defendant violated
10 the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* the Rosenthal Fair Debt
11 Collection Practices Act, and California Civil Code § 1788, *et seq.,* which prohibit debt
12 collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks statutory
13 damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); a statutory
14 penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code §
15 1788.30(b); statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. §
16 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17; and costs and attorney's fees
17 pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c). Defendant
18 denies all of the foregoing allegations.

**2.     The Principal Factual Issues Which the Parties Dispute:**

20 Whether defendant recorded the aforementioned alleged answering machine message.
21 If defendant recorded the aforementioned alleged answering machine message, whether
22 defendant failed to disclose defendant's identity.
23 If defendant recorded the aforementioned alleged answering machine message, whether
24 defendant failed to disclose the nature of defendant's business.
25 If defendant recorded the aforementioned alleged answering machine message, whether
26 defendant failed to disclose that the answering machine message was a communication from a
27 debt collector**.**
28 If defendant recorded the aforementioned alleged answering machine message, whether

the message falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against plaintiff.

**3. The Principal Legal Issues Which the Parties Dispute:**

If defendant recorded the aforementioned alleged answering machine message, whether the message constitutes a violation of 15 U.S.C. § 1692, *et seq*.

If defendant recorded the aforementioned alleged answering machine message, whether the message constitutes a violation of Cal. Civil Code § 1788, *et seq*.

**4. The Other Factual Issues Which Remain Unresolved for the Reason Stated Below and How the Parties Propose to Resolve Those Issues**:

None at this time.

**5. The Parties Who Have Not Been Served and the Reason:**

All defendants have been served at this time.

**6. The Additional Parties Which the Below-Specified Parties Intend to Join and the Intended Time Frame for Such Joinder:**

None at this time.

**7. The Following Parties Consent to Assignment of this Case to a United States Magistrate Judge for Jury Trial:**

None at this time.

### ALTERNATIVE DISPUTE RESOLUTION

**8. The Parties Have Filed a Stipulation and Proposed Order Selecting and ADR Process and the ADR Process that the Parties Jointly Request is:** mediation.

**9. Other Information Regarding the ADR Process or Deadline:**

None at this time.

### PROPOSED CASE SCHEDULE

Close of Fact Discovery - January 30, 2009

Fed. R. Civ. P. 26(a)(3) Disclosures - February 13, 2009

Last Day to File Dispositive Motions - March 2, 2009

Opposition to Dispositive Motions - March 16, 2009

3

JOINT CASE MANAGEMENT STATEMENT

1  Replies to Dispositive Motions - March 23, 2009

2  Hearing on Dispositive Motions - April 2, 2009, at 9:00 a.m.

3  Final Pre-Trial Conference May 11, 2009, at 3:00 p.m.

4  Jury Trial - May 26, 2009, at 9:00 a.m.

6  Dated: June 27, 2008

8  /s/ Fred Schwinn, Esq.
   Attorney for Plaintiff

10 /s/ Steve W. Dollar, Esq.
   Attorney for Defendant

### SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: June 27, 2008              ERICKSEN, ARBUTHNOT, KILDUFF,
                                  DAY & LINDSTROM, INC.

                                  _____/s/_____
                                  Steve W. Dollar, Esq.